IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CT-3327-D

| | |
|---|---|
| JOHN DARRELL NORMAN, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DONALD STROUD and ) | |
| E. GLADDYS PRIVETTE, ) | |
| ) | |
| Defendants. ) | |

On May 23, 2019, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") and recommended dismissing John Darrell Norman Sr.'s ("Norman" or "plaintiff") 42 U.S.C. § 1983 complaint for failure to state a claim [D.E. 9]. Norman objected to the M&R and reiterated the argument in his complaint that his conviction is different from what he agreed to in his plea bargain. See Objs. [D.E. 10] 1–2. He conceded "all else [i]n the civil suit[] is mute, meaningless, and not asking for money, or freedom, etc." Id. at 2.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The Magistrate Judge recommended that Norman's complaint be dismissed because his claim

is not cognizable under section 1983. See [D.E. 9] 3; Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); Preiser v. Rodriguez, 411 U.S. 475, 488–90 (1973). The Magistrate Judge also recommended dismissal because the action is time-barred. See [D.E. 9] 3; Wallace v. Kato, 549 U.S. 384, 387–88 (2007); Burnett v. Grattan, 468 U.S. 42, 48–49 (1984); Owens v. Balt. City State's Attorneys Office, 767 F.3d 379, 388 (4th Cir. 2014); Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996); Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc); Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161–62 & n.2 (4th Cir. 1991). Finally, the Magistrate Judge recommended dismissing defendant Privette based on prosecutorial immunity and dismissing defendant Stroud because he is not a state actor. See [D.E. 9] 3; Vermont v. Brillon, 556 U.S. 81, 91 (2009); Hall v. Quillen, 631 F.2d 1154, 1155–56 & nn. 2–3 (4th Cir. 1980). Norman's objections do not address the M&R's analysis. See [D.E. 10].

In sum, the court OVERRULES Norman's objections [D.E. 10], and ADOPTS the conclusions in the M&R [D.E. 9]. The clerk shall close the case.

SO ORDERED. This 14 day of January 2020.

JAMES C. DEVER III
United States District Judge